FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 DEC -3 AM 9: 43

U.S. DISTRICT COURT
N.D. OF ALABAMA

JESSIE MARIE BLACKWOOD,

    Plaintiff,

vs.                              CASE NO. CV-99-J-0401-S

THE ESTATE OF BRENDA W. HENSON,
deceased, and THE UNITED STATES OF
AMERICA,

ENTERED

    Defendants.

DEC 3 1999

## MEMORANDUM OPINION

Currently pending before the court is the defendant's motion for summary judgment (doc. 12), to which the plaintiff has not responded.[1]

Plaintiff commenced this action on February 22, 1999 by filing a complaint claiming jurisdiction under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). Complaint at ¶ 1. The facts of this case arise out of an automobile accident in which the drivers of both the cars involved were killed. The executrix of the estate of the plaintiff sued the estate of the

---

[1] A pretrial conference was held in this matter on November 9, 1999, eight days after the defendant filed its motion for summary judgment. Pursuant to the court's summary judgment scheduling order entered on August 25, 1999, the plaintiff's response to the defendant's motion for summary judgment was due November 15, 1999. At the pretrial conference, the plaintiff's attorney represented to the court that a deposition was needed before he could respond to the defendant's motion. The parties have represented to the court that said deposition was taken on November 17, 1999. Pursuant to the order the court issued on November 9, 1999, the plaintiff was allowed an additional fourteen days from November 17, 1999 to file a response to the defendant's summary judgment motion although Thus, the time to respond ended on December 1, 1999. No such response has been received by this court to date.

28

deceased defendant and the United States on the theory that the defendant decedent was acting within the line and scope of her employment with the United States Department of Agriculture at the time of the accident. Complaint at ¶¶ 2-3.

The estate of the defendant decedent was never served and hence the Estate of Brenda W. Henson is due to be dismissed without prejudice pursuant to Rule 4(m), Federal Rules of Civil Procedure. The only defendant remaining before this court is the United States Department of Agriculture as the employer of Brenda W. Henson.

This court rules as a matter of law that based on the pleadings, affidavits and evidence before this court the plaintiff's claim against the United States Department of Agriculture must fail as a matter of law. See Rule 56(e), Federal Rules of Civil Procedure. The plaintiff has failed to raise any genuine issues of material fact for a jury to decide.

The sole issue before this court is whether, at the time of the accident, the defendant decedent was within the line and scope of her employment with the defendant agency. The defendant agency denied that the defendant decedent was within the line and scope of her employment at the time of the collision. Answer at ¶ 1.

The defendant agency filed the Declaration of Dr. Rodney Prince, the defendant decedent's supervisor, with the court (doc. 13). Dr. Prince avers that on the date of the accident, May 19, 1997, the defendant decedent was scheduled to begin work at 2:00 p.m. Prince Declaration at ¶¶ 9, 10. The collision occurred at 1:10 p.m. Declaration of Sue Ayers (doc. 14). The plaintiff's job duties did not include traveling. Prince Declaration at ¶ 8.

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23. The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issues of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro 56(e). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986). The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary

3

judgment." *Clark v. Coates & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991). "The moving party is entitled to judgment as a matter of law if the nonmoving party cannot sufficiently show an essential element of the case to which the nonmoving party has the burden of proof." *Cornelius v. Town of Highland Lake,* 880 F.2d 348, 351 (11th Cir.1989), *cert. denied*, 494 U.S. 1066, 110 S.Ct. 1784, 108 L.Ed.2d 785 (1990). Summary judgment is appropriate where the moving party shows an absence of evidence to support an essential element of the nonmoving party's case. *Weiss v. School Board of Hillsborough County*, 141 F.3d 990, 994 (11th Cir. 1998).

To proceed against the Department of Agriculture, the plaintiff has to establish that the defendant decedent was within the scope of her employment at the time of her wrongful act. *Pryor v. Brown & Root USA, Inc.*, 674 So.2d 45, 48 (1995). The defendant has submitted substantial evidence that the defendant decedent was not within her scope of employment at the time of the collision and the plaintiff has failed to offer anything to rebut this evidence. As such, the plaintiff has failed to show an essential element of her case on which she has the burden of proof. *See Cornelius, supra.*

This court, having considered all of the evidence submitted, finds that the plaintiff fails in her burden to set forth specific facts to show that there is a genuine issue of material fact of trial. Rule 56, Fed.R.Civ.P. The evidence here is so one-sided that the defendant must prevail as a matter of law. *Holcombe v. Alabama Dry Dock & Shipbuilding Corp.*, 1998 WL 758012 (S.D.Ala.); citing *Anderson*, 477 U.S. at 251-252.

The defendant's motion for summary judgment on all counts of the complaint be and hereby is **GRANTED**. All claims against the defendant United States Department of Agriculture are **DISMISSED WITH PREJUDICE**.

The plaintiff having failed to obtain service on the defendant Estate of Brenda W. Henson, all claims against this defendant be and hereby are **DISMISSED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** this the ___2___ day of December, 1999.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE